UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PERNIS JOHNSON,

          Plaintiff,

Case No. 2:04-CV-199

Hon. Richard Alan Enslen

v.

BARBARA BOUCHARD, *et al.*,

          Defendants.

**<u>OPINION</u>**

_____/

This matter is before the Court on Plaintiff Pernis Johnson's Objections to United States Magistrate Timothy P. Greeley's Report and Recommendation of August 2, 2005 ("Report"), which recommended a grant of Defendants Barbara Bouchard, Ron Bobo, Dennis Graham, Robert Johnson, Randall Ollis and Bobby Crandle's Motion for Dismissal or Alternatively Motion for Summary Judgment. This Court now reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

As a threshold matter, the Court finds that Plaintiff has brought both administratively exhausted and unexhausted claims against Defendants.[1] Plaintiff filed this action under 42 U.S.C. § 1983 and claims that Defendants have violated his First, Eighth and Fourteenth Amendment rights as guaranteed by the United States Constitution. Specifically, Plaintiff alleges that Defendants have conspired to create a classification system that racially discriminates against Plaintiff in order to keep him perpetually in administrative segregation. Plaintiff also claims that Defendant Johnson has

_____

[1] Defendants Barbara Bouchard, Ron Bobo, Dennis Graham, Robert Johnson, Randall Ollis and Bobby Crandle are hereinafter collectively referred to as "Defendants" unless mentioned individually.

interfered with his ability to use the United States Postal Service by failing to process Plaintiff's outgoing mail. Lastly, Plaintiff claims that Defendants are deliberately indifferent to his lengthy stay in administrative segregation and the unsatisfactory conditions of his confinement there.

The Prison Litigation Reform Act ("PLRA") provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Requiring prisoners to submit their grievance to prison officials affords administrators the opportunity to address complaints internally and potentially resolve the dispute before federal suit. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (citing 42 U.S.C. § 1997e(a)). The exhaustion requirement also acts a filter, filtering out frivolous claims, or at least clarifying the record for the district court. *Id.* at 525. The burden to plead and prove exhaustion belongs to Plaintiff, 42 U.S.C. § 1997e(a); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), and "a prisoner should attach to his [section] 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint*." Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

Plaintiff has administratively exhausted his claim of racially discriminatory administrative segregation classifications. (Pl.'s Compl. Attach. 1 at 1-5). Plaintiff has also exhausted his administrative remedies on his claim of mail interference against Defendant Johnson. (Pl.'s Compl. Attach. 1 at 6-10). Plaintiff has provided no evidence that he grieved his deliberate indifference claim. A district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the

merits." *See Knuckles El*, 215 F.3d at 642.  Thus, the Court finds that Plaintiff has failed to exhaust his deliberate indifference claim.

Because Plaintiff's claims contain both exhausted and unexhausted claims, the Court must now decide whether to dismiss the entire action pursuant to the "total exhaustion" rule or dismiss only the unexhausted claim pursuant to the "partial exhaustion" rule.  The Sixth Circuit recently held in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), that the PLRA requires a "complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims."  *Id.* at 805.  The Court has reviewed the *Jones Bey* decision and cannot, in good conscience, apply *Jones Bey* because it is void under Sixth Circuit law.  It is void because under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision."  *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001)) (discussing the effect of published opinions by previous panels); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005) ; *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("A panel of this court cannot overrule the decision of another panel.") (internal citation omitted); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("Court en banc consideration is required to overrule a published opinion of the court.") (quoting 6th Cir. R. 206(c)).  Consequently, this Court finds that *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999), remains controlling precedent.

*Hartsfield* held that, in a prisoner's civil rights action, unexhausted claims should be dismissed without prejudice and exhausted claims should be allowed to proceed and be determined on the merits.  The Court finds that *Hartsfield* did address this issue and allowed for partial

-3-

exhaustion, albeit not in as direct language as the *Jones Bey* panel.  However, the intention of the *Hartsfield* panel to allow for partial exhaustion is clear.  Additionally, following *Hartsfield* is consistent with this Court's decision in *Jenkins v. Toombs*, 32 F. Supp. 2d 955 (W.D. Mich. 1999) (holding that it is appropriate to dismiss unexhausted claims and allow the exhausted claims to be determined on the merits).  Therefore, this Court will follow the precedent set by *Hartsfield* until and unless the Supreme Court of the United States or Sixth Circuit *en banc* determines that the total exhaustion rule applies to prisoner civil rights actions.   Plaintiff's unexhausted deliberate indifference claim will be dismissed without prejudice.[2]

Turning to Plaintiff's exhausted claim of racial discrimination, Defendants Motion for Summary Judgment is brought pursuant to Federal Rule of Civil Procedure 56.[3]  Under Rule 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)  Once the movants specify a basis for summary judgment, the respondent has the burden of coming forward with specific evidence meeting the standards of Federal Rule of

---

[2] Plaintiff asserts that his claim of deliberate indifference is brought on behalf of the entire population of Alger Maximum Correctional Facility and under Michigan Department of Corrections policy, is a non-grievable issue.  Although the Court is not convinced that Plaintiff has demonstrated how his claim effects the entire population, the Court need not inquire further because a non-attorney proceeding *pro se* cannot adequately represent a class.  *Ziegler v. State of Mich.*, 90 Fed. Appx. 808, 810 (6th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)).  Thus, this Court will construe Plaintiff's claim of deliberate indifference as seeking individual relief, and therefore, will require Plaintiff to exhaust administrative remedies as to complaints specific to him.

[3] Because the Court will grant Defendants' Motion for Summary Judgment, it will not consider their alternate ground for dismissal under Federal Rule of Civil Procedure 12(b)(6).

-4-

Civil Procedure 56(e) upon which a reasonable jury could find there to be a genuine factual issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Failure to do so results in the grant of summary judgment for the movants. *Celotex Corp.*, 477 U.S. at 323.

Plaintiff avers that Defendants have devised and employed a system of racial discrimination that "intentionally discriminates against [Plaintiff], in an effort to keep [him] designated as a level five prisoner, much longer than the average white inmate." (Pl.'s Compl. at 4). In other words, Plaintiff claims Defendants conspired to deprive him of his constitutional rights.

> For a [s]ection 1983 conspiracy to survive a motion for summary judgment, specific facts showing either the existence or the execution of the claimed conspiracy must be set forth by the plaintiff. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 [] (1970); *Dykes v. Hosemann*, 743 F.2d 1488, 1498 (11th Cir. 1984). Furthermore, these facts must show overt acts related to the promotion of the conspiracy and some link between the alleged conspirators. Finally, plaintiff must present facts that the conspirators agreed to commit an act which deprived the plaintiff of a right, privilege or immunity secured by the Constitution or the laws of the United States. *Hobson v. Wilson*, 737 F.2d 1, 51 (D.C. Cir. 1984). It is essential that the conspiratorial conduct in fact resulted in a violation of plaintiff's constitutional rights. *Vaden v. Village of Maywood, Illinois*, 809 F.2d 361, 366 (7th Cir. 1987).

*Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988).

Defendants maintain that Plaintiff remains in administrative segregation because of his continued behavioral problems. (Defs.' Mot. for Summ. J. Exs. A, C, D, E, F). Plaintiff has been removed from administrative segregation on several occasions only to return a short while later because of major misconduct violations. (*Id.*) Plaintiff's status is reviewed monthly to determine if he is ready to return to the general population. (*Id.*)

In response to Defendants' well supported Motion for Summary Judgment, Plaintiff has not offered any evidence establishing a conspiracy to keep him in administrative segregation indefinitely. Plaintiff has failed to present any specific facts demonstrating the existence or execution of a

conspiracy and has done little more than proffer vague and conclusory allegations. *Etheridge v. Evers*, 326 F. Supp. 2d 818, 827 (E.D. Mich. 2004) (specific facts are needed to support a section 1983 conspiracy). Such failings are fatal to his claim. Fed. R. Civ. P. 56(e). Thus, for the reasons stated in the Report and this Opinion, summary judgment must issue for Defendants.

With regard to Plaintiff's claim of interference with his mail, Plaintiff alleges that Defendant Johnson refuses to properly process his out-going mail. Plaintiff has presented no further evidence to buttress this allegation beyond a cursory sketch of the facts in his Complaint. Defendant Johnson has submitted, through sworn affidavit, that he has never refused to process Plaintiff's mail. (Defs.' Mot. for Summ. J. Ex. E). Plaintiff has not refuted Defendant Johnson's evidence but merely rested on his pleadings, and therefore, cannot survive summary judgment. Fed. R. Civ. P. 56(e). Thus, for the reasons stated in the Report and this Opinion, summary judgment must issue for Defendant Johnson.

Furthermore, for these reasons and because this action was filed *in forma pauperis*, this Court must certify pursuant to 28 U.S.C. § 1915(a) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

A Judgment shall issue in accordance with this Opinion.

                                    /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:             RICHARD ALAN ENSLEN
       September 22, 2005           SENIOR UNITED STATES DISTRICT JUDGE